[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13966
Non-Argument Calendar
_____

D. C. Docket No. 06-00002-CR-01-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR DAVID BARAHONA-CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 28, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Cesar David Barahona-Castro appeals his sentence of 37 months of

imprisonment imposed after he pleaded guilty to reentering the United States illegally after deportation, 8 U.S.C. § 1326(a). Castro argues that his sentence, which is at the low-end of the Guidelines range, is unreasonable. We affirm.

We review sentences for reasonableness, which is deferential. United States v. Talley, 431 F.3d 784, 785, 788 (11th Cir. 2005). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. at 786.

Castro argues that his sentence is unreasonable because of the sentencing disparity caused by the fast-track program, which is available in other districts but not in the Northern District of Georgia. Castro also argues that the sentence is unreasonable in the light of his history, characteristics, and the nature of his offence. These arguments fail. The sentencing disparity created by the absence of a fast-track program is not an appropriate consideration at sentencing. United States v. Arevalo-Juarez, 464 F.3d 1246, 150-51 (11th Cir. 2006). The record reflects that the district court considered the sentencing factors under section 3553, including the nature of the offense and the history and characteristics of Castro, and reasonably concluded that a sentence at the low-end of the guideline range was sufficient.

Castro's sentence is

**AFFIRMED.**